CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 20 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:07-cr-00070-1 |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| DAVID WAYNE SMITH, JR., | ) | By: Hon. James C. Turk |
|     Defendant. | ) | Senior United States District Judge |

Defendant filed a motion to compel specific performance that alleged he provided substantial assistance to the United States that warranted a motion by the United States for a reduced sentence. Defendant also alleged that United States did not file a motion for substantial assistance because of unconstitutional motives. The United States responded by detailing the information the defendant provided to the United States. The United States alleges that the defendant's information was not considered useful enough to assist with a prosecution, especially after the suspect pleaded guilty. The defendant's information about another person also never resulted in charges. The United States also challenged petitioner's allegation that the lack of a substantial assistance motion was based on an unconstitutional motive. Defendant filed a reply to the United States's response in which he details all the contacts he had with agents for the United States, but he does not discuss his claim about the United States' unconstitutional motives.

Rule 35 allows the court to correct a sentence within fourteen days of sentencing for a mathematical, technical, or other clear error. Fed. R. Crim. P. 35(a). The court may also reduce a sentence under Rule 35 upon the government's motion made within one year of sentencing if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person. <u>Id.</u> 35(b)(1). If the government files a motion for substantial assistance beyond a

year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

> (A) information not known to the defendant until one year or more after sentencing; (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Id. 35(b)(2).

However, the decision to file a Rule 35(b) motion is solely within the United States' discretion. United States v. Dixon, 998 F.2d 228, 230 (4th Cir. 1993). The court has the authority to review the United States' decision not to file that motion and compel performance only if the refusal is based on an unconstitutional motive or is not related to a legitimate government end. See Wade v. United States, 504 U.S. 181, 185-86 (1992). "If the defendant cannot show a breach of her plea agreement or an unconstitutional motive, 'a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive.'" United States v. Huskins, 318 Fed. Appx. 249, 250 (4th Cir. 2009) (quoting Wade, 504 U.S. at 186).

The plea agreement clearly states the nobody guaranteed a motion for substantial assistance to the defendant before his guilty plea and the United States has the sole discretion to determine whether defendant provided substantial assistance. (Plea Agt. (docket #24) 8.) Defendant abandoned any claims the United States' unconstitutional motive in his reply to the United States response which argued that his allegation was too general. Therefore, the court

denies defendant's motion because he fails to establish a breach of the plea agreement or an unconstitutional motive. Accordingly, it is hereby

**ORDERED**

that defendant's motion to compel specific performance (docket #34) is **DENIED**.

The Clerk shall send a copy of this order to the defendant and counsel of record for the United States.

**ENTER:** This 20th day of January, 2010.

/s/ James C. Turk
Senior United States District Judge