CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
December 30, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Case No. 7:07-cr-00070 |
| ) | |
| ) | |
| **DAVID WAYNE SMITH, JR.,** ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

Defendant David Wayne Smith, Jr. filed a Motion for Early Termination of Supervised Release. Dkt. 121. The government filed a response. Dkt. 124. For the foregoing reasons, the Court **DENIES** Smith's motion for early termination of supervised release.

Smith began his five-year term of supervised release on October 3, 2024. In support of his motion Smith states that he has served a term of supervised release for more than one year and has paid his financial obligations. *Id.* at 1. He also asserts that he was a model prisoner, receiving no disciplinary infractions, and completed over 60 educational and vocational programs. *Id.* at 3. Smith obtained employment with Current Lighting Inc. immediately after his release from prison. *Id.* After leaving Current Lighting, Smith began work for Tenneco Powertrain, where he is currently employed. *Id.* He states he has fully complied with Probation supervision and has not used drugs in 18 years. *Id.* at 3–4. Upon release from supervision, Smith intends to move to Pennsylvania to care for his elderly friend and mentor. *Id.* at 4.

Smith's probation officer reports that Smith has fully complied with supervision and does not object to early termination of supervised release. However, the officer notes that Smith has only served one year of a five-year term of supervision and affirms that probation is willing to continue supervision should it be beneficial. The government does not oppose Smith's motion

for early termination of supervised release. Dkt. 124.

A court may terminate a term of supervised release if "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a defendant from supervised release early, the court considers the relevant § 3553(a) factors, but the inquiry is broader than the individual's conduct to include considering whether early termination is in the interest of justice. *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

Smith's good behavior on supervision is commendable, but continued supervision remains beneficial. Although Smith's behavior on supervision has been positive so far, he has served only one year of a five-year term of supervision. The underlying offenses for which he was convicted was possession of a firearm in relation to a drug trafficking offense and possession of a firearm as a convicted felon. Dkt. 32 at 1. He was sentenced as an Armed Career Criminal because of two prior drug distribution charges. Smith's adjustment to supervision following his release from federal prison has been positive. He has secured employment and remained violation free. I find that having considered each of the § 3553(a) factors that his current term of supervised release and conditions of supervision are sufficient, but no greater than necessary to fulfill the sentencing goals of § 3553(a) to deter criminal conduct and are appropriate to protect the public. Therefore, Smith's motion for early termination is **DENIED**.

It is **SO ORDERED**.

Entered:  December 30, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge